Dear Secretary Denton:
You requested the opinion of this office concerning the outstanding debt on the Sunshine Bridge in light of the amendment to La. R.S. 47:820.5(A). You advised that the annual revenues from the Sunshine Bridge are now estimated at $2,300,000. The operating expenses are projected at $1,000,000 leaving an annual estimated amount of $1,300,000 available for bond redemption. Additional funding will be required for the Department of Transportation and Development (the "DOTD") to satisfy scheduled bond redemption payments. The Sunshine Bridge is on the state maintained highway system, and is eligible for funding from the Transportation Trust Fund (the "Trust Fund" or "TTF"). Your questions are as follows:
 (1) Can Transportation Trust Funds be used to pay debt service when that debt occurred before the passage of the Transportation Trust Fund and there was a presumed intent to retire the loan using state general funds or state generated revenue?
 (2) Secondly, are there any restrictions on the use of Transportation Trust Funds for the payment of toll collection costs or any other valid operating cost of the Sunshine Bridge even though those costs may be related to pre-trust fund commitments where there was a presumed intent to fund the commitments with state general funds or state generated revenues?
The Sunshine Bridge bonds were issued in 1961 by the Ascension-St. James Bridge and Ferry Authority (the "Authority"). The bonds were originally secured by tolls, revenues, and other special funds and proceeds of the bonds pledged for their payment as provided in the Trust Agreement. The Department of Highways and the Authority entered into an agreement whereby, among other things, the Department was to contribute certain moneys to the Authority which were to be deposited in the Bond Reserve Fund, and, upon the happening of certain events, could then be used for the payment of debt service on the bonds.
By Act 726 of 1972 enacting La. R.S. 48:1161, et seq., the legislature abolished the Ascension-St. James Bridge and Ferry Authority, as well as other similar bridge and ferry authorities, and merged and consolidated those authorities into the Department of Highways. La. R.S. 48:1161. Under the transfer of functions, any pending or unfinished business of any of the authorities was to be taken over and completed by the Department of Highways with the same power and authority as the authorities from which the functions were transferred. La. R.S. 48:1162(A). The legislature specifically stated that "the provisions of this part are in no way and to no extent intended to nor shall they be construed in any manner which will impair the contractual obligation of any authority heretofore existing, or of the State of Louisiana." La. R.S. 48:1162(B). Furthermore, La. R.S. 48:1164
provides:
 "The board of highways shall be the successor in every way to the authorities from which the functions are transferred, and shall be the successor to all the obligations and debts of the authorities herein abolished. All funds dedicated to the payment of bonds issued for bridges . . . formerly under the control of the authorities herein abolished and whose powers, duties and functions are hereby transferred shall continue to be collected and dedicated to the payment of such bonds, and in like manner all other dedications and allocations of revenues and sources of revenues shall continue, unless otherwise hereafter provided by the constitution or laws, in the same manner, to the same extent and for the same purposes as were provided by law prior to the enactment of this part." (Emphasis added)
The tolls on the Sunshine Bridge were suspended and removed pursuant to Act 783 of 1979. That act further provides that "the Department of Transportation and Development shall provide the necessary funds to cover annual bond service requirements and monthly operational and maintenance expenses from those funds available to the Department of Transportation and Development." There was an appropriation to pay interest falling due in fiscal year 1979-80 on the bonds. In Op.Atty.Gen. 80-1204, this office determined that this act obligated DOTD "to pay debt service in the full principal and interest amount from general fund appropriations or from any other source available."
The tolls were placed back on the Sunshine Bridge in 1989 when the tolls were placed back on the Greater New Orleans Mississippi River Bridge No. 2. E.O. BR 88-53; Act 783 of 1979. Act 36 of the 1994 Regular Session, amended R.S. 47:820.5(A) and extended the tolls until June 30, 1999, however, the rate of the tolls was reduced by that act.
With regards to your first question, the only bonds which the Constitution allows Trust Fund moneys to be used for the payment of debt service are those which were secured by taxes on gasoline, motor fuels and on special fuels prior to the January 1, 1990 effective date of the Trust Fund, and those bonds which were issued after and pursuant to the constitutional amendment. La. Const. Art. VII, Sec. 27(A).
Thus, the payment of debt service for bonds which were issued prior to the creation of the Trust Fund, and which are not secured by the gasoline or special fuels tax, would not be an authorized use of the moneys in the Trust Fund.
Concerning your second question, Art. VII, Sec. 27(B) sets forth the permissible uses of the Trust Fund, as follows in pertinent part:
 "The monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor, ports, airports, transit, state police for traffic control purposes, and the Parish Transportation Fund or its successor . . ."
In answer to your second question, it is the opinion of this office that the foregoing would permit the use of Trust Fund moneys for the payment of valid maintenance and operating costs of the Sunshine Bridge, which is on the state highway system.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: _________________________________________
 MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED: 5/13/95
DATE RELEASED: June 14, 1996
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL